UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-02503-WLH-DMK | | Date | May 15, 2026 |
|---|---|---|---|---|
| Title | *Alexander Yaroshevsky v. Fereti Semaia et al* | | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE TEMPORARY RESTRAINING ORDER [1]**

The Court is in receipt of Petitioner's Petition for Writ of Habeas Corpus. (Petition, Dkt. No. 1). Because Petitioner, who is proceeding *pro se*, seeks immediate release, the Court construes the Petition as an Application for a Temporary Restraining Order. On May 12, 2026, the Court ordered Respondents to file a response to the Application by May 13, 2026. (Order, Dkt. No. 5). No opposition was filed. As such, the Court deems the Application for a Temporary Restraining Order unopposed. For the reasons set forth below, the Court **GRANTS** Petitioner's request for injunctive relief.

Petitioner arrived in the United States in 1989 as a refugee from the Soviet Union. (Application at 2; *see also* DHS Form I-213, Ex. 1). On June 19, 2025, Petitioner was arrested during a joint ICE and FBI operation. (*Id*. at 3). On May 11, 2026, Petitioner filed a petition in this Court seeking a writ of habeas corpus. (*See generally*, Petition, Dkt. No. 1). Petitioner requests the Court immediately release him from custody.

Because the Respondents do not oppose this Application, its merits are conceded. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

it within the deadline, may be deemed consent to the granting or denial of the motion."); *see also* C.D. Cal. L.R. 7-9 (setting forth the requirement of opposition brief or statement of non-opposition).

Petitioner contends that "after being held for over ten months in ICE custody, his removal is not reasonably foreseeable under *Zadvydas v. Davis*." In *Zadvydas v. Davis*, the Supreme Court held that a noncitizen may be detained only for a period "reasonably necessary" to bring about their removal from the United States—presumptively six months. 533 U.S. 678, 689, 701 (2001). Afterward, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must either rebut that showing or release them. Id. at 701.

Based on the undisputed facts in this case, Petitioner has been detained for more than ten months, and there is no indication from the record that there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Because Petitioner has established that: (1) he is likely to succeed on the merits for the reasons stated in the Petition; (2) he is likely to suffer irreparable harm in the absence of preliminary relief as demonstrated by his continued illegal detention; and (3) the balance of equities tips in his favor such that an injunction is in the public interest, the Court **GRANTS** Petitioner's request for injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining the four factors that courts apply in evaluating TROs and preliminary injunctions: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest).

The Court **ORDERS** as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

1. Respondents are **ORDERED** to immediately release Petitioner from detention. Respondents must file a declaration by May 18, 2026, confirming Petitioner has been released from custody;

2. Respondents are **ENJOINED** from detaining Petitioner, or placing any significant restriction on his liberty such as electronic monitoring, unless he is provided with an individualized bond hearing (with reasonable notice and opportunity to prepare) before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

3. Petitioner is not required to secure a bond, as the government has provided no evidence of costs it will incur in releasing Petitioner. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("[A court] may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining [their] conduct.");

4. Respondents are **ENJOINED** from relocating Petitioner outside of the Central District of California pending final resolution of this matter;

5. Respondents are **ORDERED** to show cause in writing no later than five (5) days from the date of this Order why the Court should not issue a preliminary injunction.  Petitioner may file a Reply no later than seven (7) days from the date of this Order;

6. A hearing on whether a preliminary injunction should be issued is set for May 29, 2026, at 1:30 p.m.; and

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

7. The Parties shall meet and confer and file a joint status report regarding the Respondents' compliance with this Order on or before May 20, 2026.  The joint status report shall also address whether the habeas petition is moot.

**IT IS SO ORDERED.**